[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13860
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-00412-M

TRACY RAVIZEE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 23, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Tracey Ravizee appeals a decision that affirmed the denial of his application for supplemental security income and disability insurance benefits. 42 U.S.C. §§ 1383(c)(3), 405(g). Ravizee argues that the administrative law judge gave insufficient weight to the opinion of his examining psychologist that he was mentally retarded. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(C). We affirm.

The administrative law judge was entitled to discount the opinion of Dr. John Goff in determining whether Ravizee was mentally disabled. Dr. Goff examined Ravizee regarding his application for disability, *see id.* § 404.1527(c)(2)(i)-(ii) (providing that the length and extent of treatment affects the weight given a physician's opinion), and offered an opinion that was internally inconsistent, *see id.* § 404.1527(c)(4). Dr. Goff described Ravizee as a "credible historian," but the doctor discredited Ravizee's work history and his description of his daily activities. Dr. Goff opined that Ravizee was moderately limited in his abilities to cope with coworkers, to handle customary work pressures, and to carry out simple instructions, yet the doctor acknowledged that the results of his personality assessment were "invalid" and that Ravizee could understand and follow simple instructions. And Dr. Goff's opinion that Ravizee was incapable of performing activities of daily life or maintaining concentration, attention, or pace for two hours was inconsistent with Ravizee's statements about his extensive work history and his daily routine. *See Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th

2

Cir. 2004); 20 C.F.R. § 404.1527(c)(2) (providing that an expert's opinion is given "controlling weight" if it is "not inconsistent with the other substantial evidence").

Substantial evidence supports the finding of the administrative law judge that Ravizee was not mentally retarded. The administrative law judge considered Ravizee's work, medical, and educational records, his testimony, and opinion evidence and reasonably determined that the presumption of mental retardation created by Ravizee's intelligence score of 67 was rebutted by evidence of his adaptive functioning. *See Hodges v. Barnhart*, 276 F.3d 1265, 1268–69 (11th Cir. 2001) (stating that a claimant's low IQ scores create a presumption of mental retardation that may be rebutted with "evidence of [the claimant's] daily life"). Ravizee's accomplishments and daily activities established that he could function independently. *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("[A] valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior."). Ravizee's work records reflected that he served in the Job Corps for two years and received certificates for carpentry and maintenance, obtained a job in construction for nine months, and then worked full-time for 12 years as a chain offbearer at a lumber company. Ravizee stated in a disability report that he stopped working because was laid off, not because he was incapacitated by his ailments. Ravizee also stated that he had never been treated or medicated for a

3

mental condition. And Ravizee testified that he cooked, performed light housework, shopped for himself, paid bills, opened a savings account, counted his currency, had a driver's license, purchased vehicles and insurance, and walked or drove three to four times a week to stores, to socialize with friends, and to attend appointments and church services. The administrative law judge was entitled to consider the opinion of Dr. Sydney Garner, a psychological expert, that Ravizee had borderline intellectual function because that diagnosis was more consistent with Ravizee's communication skills, his work history, and his daily life. *See id.*; *see also* 20 C.F.R. § 404.1527(b), (e)(2)(ii) (explaining that the Commissioner considers "the medical opinions in your case record together with the rest of the relevant evidence" to determine whether an applicant is disabled).

We **AFFIRM** the denial of Ravizee's application for benefits.